*In Re:* HARVEY B. NACHMAN y STANLEY L. FELDSTEIN.

Número: O-69-94     Resuelto: 7 de abril de 1970

*J. F. Rodríguez Rivera, Subprocurador General, Gerardo Méndez Correa, Fiscal Especial General, Dolores Ruiz de Zambrana y Héctor R. Orlandi Gómez, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Alvaro R. Calderón, Jr., Francisco A. Rosa Silva, Alberto Picó y Ramón Vargas,* abogados de los querellados.

### RESOLUCIÓN

San Juan, Puerto Rico, 7 de abril de 1970

A la terminación de la prueba del Procurador General en apoyo de los cargos, los querellados solicitaron la desestimación de la querella.

El Tribunal, después de considerada la evidencia en el récord, concluye que la prueba es insuficiente para sostener los cargos imputados, y decreta la desestimación de la querella.

Lo acordó el Tribunal y certifica el Secretario.

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Blanco Lugo, no intervinieron.

Los Jueces Asociados Señores Pérez Pimentel, Rigau, Dávila y Ramírez Bages, harán expresiones por escrito.

Los Jueces Asociados Señores Hernández Matos y Santana Becerra se reservan hacer expresiones si lo estimaren procedente.

(Fdo.) Joaquín Berríos
*Secretario*

—o—

Voto Separado del Juez Asociado Señor Rigau

San Juan, Puerto Rico, a 7 de abril de 1970

En 6 de diciembre de 1967 el Tribunal de Distrito de los Estados Unidos en Puerto Rico, conocido aquí popularmente como la Corte Federal, emitió la siguiente orden, la cual habla por sí sola:

"ORDEN

En 9 de mayo de 1966 el fiscal federal y su ayudante presentaron, en su carácter individual y privado, una queja en el Tribunal Supremo de Puerto Rico contra los Licenciados Harvey B. Nachman y Stanley L. Feldstein y solicitaron que dicho Tribunal ordenase una investigación sobre la conducta profesional de dichos abogados. El Tribunal Supremo envió el asunto al Procurador General de Puerto Rico para investigación y en 18 de enero de 1967 el Procurador General sometió su informe a dicho Tribunal. En 31 de octubre de 1967 el Tribunal Supremo remitió el asunto a este Tribunal debido a que la alegada mala conducta de los querellados se refería a asuntos que fueron adjudicados en este Tribunal.

Se ha ordenado al fiscal federal que presente una querella especificando los cargos de mala conducta alegadamente cometida por los querellados. Dicha querella no fue presentada dentro del término que concedimos. Luego de este Tribunal haber examinado el récord, no nos sorprende que dichos cargos no hayan sido presentados porque los mismos no están respaldados por ninguna evidencia creíble de mala conducta profesional. No habiéndose presentado dichos cargos, este Tribunal desestima la querella.

Una copia de esta orden será enviada a los Honorables Jueces del Tribunal Supremo de Puerto Rico."

Enterado ya de la citada orden de la Corte Federal, este Tribunal, dividido 5 a 4, en 11 de abril de 1969 ordenó al Procurador General que presentase una querella contra los abogados Nachman y Feldstein. Por entender que no se jus-

tificaba la presentación de la querella, disintieron de esa orden el Juez Presidente y los Jueces Asociados Sres. Hernández Matos Santana y el que suscribe. Reconozco que si se toman *prima facie* algunas de las declaraciones que se prestaron ante el Procurador General, en ausencia de los querellados y sin tener estos la oportunidad en aquel momento de confrontación y repregunta, algunos Jueces pudieron haber creído que se ameritaba ordenar la formulación de la querella.

El Procurador General presentó la querella en 30 de abril de 1969 y este Tribunal celebró una vista sobre este asunto durante los días 31 de marzo a 2 de abril de 1970. Hoy este Tribunal por unanimidad de los siete Jueces que intervinimos ha decidido finalmente declarar con lugar la moción de desestimación presentada por la defensa luego de oir la prueba de cargo y antes de oir la prueba de defensa.

Lo que la prueba demostró fue que los Licenciados Harvey B. Nachman y Stanley L. Feldstein, son abogados competentes, trabajadores y considerados con sus clientes. Es una pena que dichos abogados hayan tenido que sufrir por el largo período de cuatro años las molestias, los gastos y la gran e incalculable angustia de haber sido sometidos a este proceso.

—O—

Voto Separado del Juez Asociado Señor Pérez Pimentel al cual se unen los Jueces Asociados Señores Ramírez Bages y Torres Rigual

San Juan, Puerto Rico, a 28 de abril de 1970

Sostengo que la prueba que consideró este Tribunal al ordenar al Procurador General que formulara querella contra los abogados señores Feldstein y Nachman era suficiente para sostener los cargos que se les formularon. Las declaraciones juradas prestadas por Alfredo Viana Reyes, Félix Martínez y Edgar Irizarry así lo demuestran. Un recto,

juicioso, imparcial y desapasionado ejercicio de sus funciones, imponían a este Tribunal la obligación legal y moral de ordenar la querella.

Sin embargo, analizados los testimonios prestados por estos testigos durante la vista del caso y pesado su valor probatorio, al considerar la demás prueba tanto testifical como documental presentada por el Procurador General, deja en mi ánimo una seria duda en cuanto a la certeza de los hechos imputados y por esa razón he votado a favor de la desestimación de la querella.

—O—

Voto Separado del Juez Asociado Señor Santana Becerra en el cual concurren los Jueces Asociados Señores Hernández Matos y Dávila

San Juan, Puerto Rico, 28 de abril de 1970

No me referiré a los méritos del asunto. Expuse mi criterio sobre sus méritos, tanto sobre los hechos como sobre el derecho aplicable a la luz de los hechos presentes, en mi opinión de 26 de mayo de 1969.

La experiencia habida me induce a expresar estas otras consideraciones:

Creo que el Colegio de Abogados debe desplegar y ejercer una mayor intervención en casos de acción disciplinaria de sus miembros, particularmente en aquellos casos en que la conducta envuelta se relaciona sólo con una alegada violación de los Cánones de Ética Profesional adoptados por el propio Colegio, a diferencia de los actos de engaño, conducta inmoral y comisión de delitos que determina la Ley relativa al ejercicio de la abogacía.

Con mayor razón aún debe existir esa intervención si, como en el caso presente, la alegada conducta anti-profesional se relaciona con la *gestión* de asuntos litigiosos, conducta ésta cuya línea divisoria entre lo permisible y no permisible es

incierta, imprecisa y vaga; y en ausencia, además, de normas y guías establecidas previamente por el Colegio que informen adecuadamente al colegiado hasta donde llega lo ético y donde empieza lo reprochable.

El Colegio de Abogados, con su afiliación forzosa, es una organización cuasi-pública y cuasi-oficial, creada y estructurada por ley de la Asamblea Legislativa. En lo que respecta al ejercicio de la profesión de abogado, las funciones del Colegio están investidas del mismo interés público que justifica el que el ejercicio de la profesión esté reglamentado por el Estado.

La Ley Núm. 43 de 1932 creadora del Colegio, impuso a éste—Art. 13—la obligación (1) de cooperar al mejoramiento de la administración de justicia; (2) evacuar los informes y consultas que "el gobierno le reclame"; (3) *defender los derechos e inmunidades de los abogados, procurando que éstos gocen ante los tribunales de la "libertad necesaria" para "el buen desempeño" de su noble profesión;* (4) promover relaciones fraternales entre sus miembros; y (5) sostener una saludable y estricta moral entre los asociados.

Entre las facultades concedidas por Ley al Colegio, está la de "adoptar e implantar", con la aprobación del Tribunal Supremo, los "cánones" de ética profesional que regirán la conducta de los abogados. También, para recibir e investigar las quejas que se formulen respecto a la conducta de los miembros—Art. 2—y llevar a cabo los procedimientos preliminares, con intervención del interesado, para determinar o no un encausamiento.

De haber intervenido el Colegio y haberse efectuado ante el mismo esos procedimientos preliminares que dispone la Ley de su creación, con intervención de los abogados querellados y oportunidad de enfrentarse a sus acusadores en esa etapa inicial, probablemente no hubieran pasado por las ansias de un proceso disciplinario ordenado, bajo el sistema

imperante, a base de declaraciones juradas tomadas sin la presencia de los querellados y sin tener éstos la oportunidad, en ese momento, de confrontación y repregunta.

Creo que es un deber del Colegio de Abogados ejercer, en grado superlativo, esa facultad que le otorga la Ley, tanto en protección del colegiado contra imputaciones que puedan en algún caso responder a motivaciones que no sean precisamente un alto celo por la pureza del ejercicio de la profesión, como en protección de esa pureza.

Si necesario fuere, debería enmendarse la Ley para establecer en el seno del Colegio el organismo apropiado cuasijudicial que intervenga en primera instancia en estas situaciones, sin menoscabo, por supuesto, de la intervención final que corresponda al Tribunal Supremo, en uno u otro efecto, sobre las decisiones de ese organismo.

—O—

Voto separado del Juez Asociado Señor Dávila

San Juan, Puerto Rico, a 28 de abril de 1970

Con la misma objetividad y el mismo ánimo desprevenido con que emití el voto para que se radicara la querella en este caso por entender que el informe del Procurador General así lo justificaba, [1] he votado por la desestimación de los

---

[1] Ver las declaraciones juradas prestadas por (1) Alfredo Viana Reyes, ante el Lic. José F. Rodríguez Rivera, Subprocurador General y la Lcda. Lolita Miranda de Escudero, Procuradora General Auxiliar el 19 de septiembre de 1966; (2) Félix Martínez Díaz ante el Lic. José F. Rodríguez Rivera, Subprocurador General el 11 de agosto de 1966 y (3) Edgar Irizarry ante el Lic. José F. Rodríguez Rivera, Subprocurador General y el Lic. Manuel Tirado Viera, Procurador General Auxiliar, el 9 de septiembre de 1966. Estos testigos establecieron *prima facie* en la etapa investigativa los elementos esenciales de la censurable práctica proscrita por el Canon 28 de los de Ética Profesional. Ver Serrano Geyls, *Los Perseguidores de Ambulancias*, 23 Rev. C. Abo. de P.R. 305 (1963), Nota, *Ambulance Chasing*, 30 N.Y.U.L. Rev. 182 (1955). El testigo Viana Reyes declaró que los abogados Nachman y Feldstein asumieron su representación sin él haberlos autorizado. El testigo Edgar Irizarry—inves-

cargos presentados, a pesar de que técnicamente hay un principio de prueba para sostenerlos, ya que a ningún fin práctico conduciría la presentación de la prueba de los querellados teniendo en cuenta que la prueba testifical aducida para sostener la querella ha perdido su mayor fuerza probatoria luego del confrontamiento con los querellados.

Siempre he entendido que las normas de ética que rigen la conducta de los abogados que postulan ante los tribunales puertorriqueños las establece el Tribunal Supremo de Puerto Rico, y que es este Tribunal el que tiene la responsabilidad de velar porque éstas se observen.[2]

No está demás apuntar que en éste como en todos los casos mi conciencia de juzgador responde únicamente a la consideración de la prueba presentada y no a consideraciones extrañas a la función judicial. Si fuere necesario ejemplo de ello: mi actitud durante la vista y resolución de este asunto.

-----

tigador a sueldo de los querellados—en su declaración afirmó que actuaba por orden de Nachman y Feldstein, que "en el Fondo del Estado se cogía la información y los íbamos a visitar [a los obreros] . . . después era que íbamos a visitar a los clientes, tanto de la enfermedad de la bagasosis, como los de los muelles. Yo con ellos hablaba para conseguir el caso." Y Félix Martínez afirmó refiriéndose a los querellados que "desde el primer momento ellos me dijeron iban en busca de casos, como ellos llamaban de almirantazgo, llevar casos ante las cortes de los accidentes en los barcos." Estos dos últimos deponentes se extienden en pormenores que ratifican los anteriormente transcritos.

[2] Al referir el expediente de los abogados Nachman y Feldstein a la Corte de Distrito de los Estados Unidos para Puerto Rico, se hizo claro que era "sin perjuicio de la ulterior consideración que este Tribunal pueda dar al asunto." A continuación el texto de la resolución:

"Con vista del expediente, y por relacionarse las actuaciones profesionales a que el mismo se refiere, con asuntos judiciales de la competencia del foro federal, sométase dicho expediente a la Corte de Distrito de los Estados Unidos para Puerto Rico a los fines que dicha Corte estime pertinentes, y sin perjuicio de la ulterior consideración que este Tribunal pueda dar al asunto.

"Lo acordó el Tribunal y firma el señor Juez Presidente. Los Jueces Asociados señores Pérez Pimentel, Blanco Lugo y Ramírez Bages manifestaron no estar de acuerdo con que se refiera el asunto a la Corte Federal. El Juez Asociado señor Belaval no intervino."

—O—

Voto concurrente del Juez Asociado Señor Ramírez Bages

San Juan, Puerto Rico, a 28 de abril de 1970

En vista de que la prueba aducida por el Procurador General no me ha convencido de que los querellados solicitaron, promovieron o gestionaron personalmente o a través de sus investigadores, la radicación de acciones en la Corte de Distrito de los Estados Unidos para Puerto Rico a nombre de obreros que trabajaban a bordo de barcos y de otros obreros, lesionados en su faenas, sino que, por el contrario, de dicha prueba se puede deducir que la radicación de tales acciones fue encomendada a los querellados mediante gestiones unionales o de un compañero de trabajo, convengo que se debe declarar con lugar la moción de los querellados solicitando se desestime la querella en cuanto a los cargos presentados en su contra en este procedimiento con respecto a los casos de los referidos obreros, y que debe exonerarse a los querellados de tales cargos.

La prueba presentada por el Procurador General con respecto al cargo de solicitar, promover y gestionar la radicación de acciones judiciales en beneficio de un número de obreros de Arecibo que contrajeron la enfermedad conocida por bagasosis en el curso de su trabajo, fue conflictiva. El referido cargo no quedó sostenido por prueba sustancial que claramente estableciera una conducta reprochable de parte de los querellados. En tal virtud convengo que la referida moción también debe declararse con lugar en relación con este cargo y que debe exonerarse del mismo a los querellados.

Es mi firme convicción, sin embargo, que la mayoría del tribunal tuvo fundamentos suficientes, como indican los Jueces Señores Pérez Pimentel y Dávila, para ordenar la radicación de la querella en este caso.